IN THE UNITED STATES DISTRICT COURT
FOR THE WESTERN DISTRICT OF PENNSYLVANIA
PITTSBURGH

| | |
|---|---|
| MARK BOWMAN, | ) |
| Plaintiff, | ) Civil Action No. 2: 20-cv-00135 |
| vs. | ) |
| | ) Chief United States Magistrate Judge |
| JOHN E. WETZEL, Secretary of Corrections of the Commonwealth of Pennsylvania, in his official and individual capacity; and MELINDA ADAMS, Superintendent of SCI-Mercer, in her official and individual capacity, | ) Cynthia Reed Eddy |
| Defendants. | ) |

## MEMORANDUM ORDER

Plaintiff, Mark Bowman, brings this civil rights action pursuant to 42 U.S.C. § 1983, raising constitutional claims arising out of his confinement for 286 non-consecutive days in the Limited Privilege Housing Unit ("LPHU") at the State Correctional Institution at Mercer, Pennsylvania ("SCI-Mercer"). Named as defendants are John Wetzel, the former Secretary of the Pennsylvania Department of Corrections, and Melinda Adams, the Superintendent of SCI-Mercer.

Currently pending before the Court is a motion in limine, with brief in support, filed by Defendants (ECF Nos. 70 and 71), to which Plaintiff filed a brief in opposition. (ECF No. 74). For the following reasons, the motion will be granted.

The sole issue in Defendants' motion in limine is Bowman's claim for economic damages. In his Pretrial Statement, Bowman identifies his damages as, *inter alia*, "economic damages for the loss of his business, . . . ." (ECF No. 59 at 2). Bowman contends that he suffered economic harm (in the form of loss of his business) due to Defendants' violation of his constitutional rights. Defendants contend that Bowman cannot recover economic damages because they had no role in the length of

1

his incarceration and that Bowman may only recover at trial for injuries attributable specifically to being housed in the LPHU instead of being housed in General Population. Bowman responds that the restrictions on prisoners in the LPHU made telephonic communication with parties outside the facility extremely difficult and that a factfinder could easily conclude that the restrictions placed on Bowman, which were under the exclusive control of the DOC and Defendants, prevented him from making the kind of telephonic communications that could have allowed Bowman to sustain his business.[1]

Significantly, however, Bowman does not identify any evidence that would support his assertion that he could have remotely sustained his business if he had been able to make more telephone calls. Bowman's response to the motion in limine does not indicate that he intends to offer evidence that he had employees or other personnel who could have continued to operate his business while he was incarcerated. Similarly, neither his Pretrial Statement (ECF No. 59) nor his Witness List (ECF No. 63) identify any such witnesses. Moreover, Bowman does not suggest that Defendants prevented his ability to contact individuals outside the prison to facilitate efforts to keep his business running, or that he lacked other means of communication, such as mail. Without evidence to support his claim that being housed in the LPHU affected his ability to earn wages or sustain a business, his claim for economic damages lacks foundation.

Even if such evidence was proffered, however, Bowman, merely states in his Pretrial Statement that he sustained economic damages for the loss of his business. He provides no

---

[1]   Bowman testified in his deposition that he had owned and operated Franklin Manufacturing and Powder Coat Company since mid-2015, but was forced to close and liquidate the business as a result of his inability to manage its day to day operations while incarcerated. He indicated in his deposition that he had planned for the business to go into a hiatus while he was incarcerated at SCI-Mercer and then resume business when he was released because "I guess in my mind I thought I would be back sooner than later." *See* Br. in Opp'n, Exh. 1 – Excerpts from Depo. of Mark Bowman, at pgs. 8 – 17 (ECF No. 74-1).

information on the amount of damages claimed or the method of calculation of all economic damages as required by the Court's Local Rules, LCvR 16.1(C)(1)(b). Additionally, neither his Pretrial Statement nor the trial exhibits identified in the parties' Joint Exhibits identify any exhibit that might support a claim of economic damages. The Court concludes that Bowman's mere assertion that being housed in the LPHU affected his ability to sustain his business and, as a result, he sustained economic damage for the loss of his business, is entirely speculative and therefore inadmissible. *See Ware v. Rodale Press, Inc*., 322 F.3d 218, 225-26 (3d Cir. 2003) ("To prove damages, a plaintiff must give a factfinder evidence from which damages may be calculated to a 'reasonable certainty';") *Waldron v. Wetzel*, Civil Action No. 2:20-cv-00136, 2022 WL 1136964 (W.D.Pa. Apr. 18, 2022) (finding that claim of unsupported economic damages is speculative and, therefore, inadmissible).

The Court finds that Bowman's claim that he suffered economic damages as a result of being housed in the LPHU lacks foundation and is, therefore, speculative and inadmissible. Therefore, Defendants' motion is **GRANTED.**

So **ORDERED** this 8th day of September, 2022.

BY THE COURT:

s/ Cynthia Reed Eddy
Cynthia Reed Eddy
Chief United States Magistrate Judge

cc:      All Counsel of Record
         (via ECF electronic notification)